**Irina M. MAKAEVA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 01–71633.

INS No. A77–827–690.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2003.*

Decided April 10, 2003.

able for decision without oral argument. See

Before D.W. NELSON, THOMAS, Circuit Judges, and ILLSTON, District Judge.**

### MEMORANDUM***

Petitioner Irina Makaeva, a Russian citizen and ethnic Ossetian, appeals the denial of her application for asylum and withholding of removal by the Board of Immigration Appeals ("BIA"). Makaeva claimed that she had been persecuted on the basis of her ethnicity by Russian Cossacks and ethnic Ingush. The BIA found that Makaeva had not shown past persecution or a well-founded fear of future persecution. We find that the BIA made factual and legal errors in its decision, requiring us to vacate the BIA's order and remand for reconsideration.

"Where, as here, the BIA reviews the [Immigration Judge's] decision de novo, our review is limited to the BIA's decision." *Singh v. Ashcroft*, 301 F.3d 1109, 1111 (9th Cir.2002). The BIA's determination that Makaeva did not show past persecution or a well-founded fear of persecution is a factual question reviewed for substantial evidence. *Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

Fed. R.App. P. 34(a)(2).

** The Honorable Susan Y. Illston, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ The BIA's finding that Makaeva has not shown past persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion," 8 U.S.C. § 1101(a)(42)(A), is supported by substantial evidence. The employment discrimination and harassment suffered by Makaeva does not rise to the level of persecution. *See Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995). The attacks on Makaeva—characterized as attempted kidnappings—were not obviously carried out on the basis of her ethnicity. Although a reasonable factfinder might conclude that Makaeva was targeted because she was Ossetian, it is not the case that *"any* reasonable adjudicator would be compelled" to reach this conclusion. 8 U.S.C. § 1252(b)(4)(B) (emphasis added).

■ The BIA's finding that Makaeva had not shown a well-founded fear of future persecution, however, is undermined by an obvious factual error. The BIA gave two reasons for concluding that Makaeva's fear of persecution was not well-founded: that her parents and brother continued to live unmolested in Russia, and that the secondary materials submitted by the government did not support her claims. But Makaeva told the IJ, and the government concedes, that her family now lives in the United States as legal immigrants. No reasonable factfinder could come to the conclusion that Makaeva's family continued to reside in Russia.

We also note that, as to the use of secondary materials, the BIA has committed legal error. The BIA considered several U.S. government reports, and found that "nothing in these reports establishes a reasonable possibility that the respondent would be specifically targeted for death." Under the caselaw of this Circuit, secondary materials need not *establish* the eligibility of an asylum claimant; we do " 'not

require corroborative evidence' … from applicants for asylum and withholding of deportation who have testified credibly." *Ladha v. INS,* 215 F.3d 889, 899 (9th Cir.2000) (citation omitted); *see also Duarte de Guinac v. INS,* 179 F.3d 1156, 1162 (9th Cir.1999) ("[T]he purpose of country conditions evidence, such as the State Department Report and Profile submitted here, is not to corroborate specific acts of persecution (which can rarely be corroborated through documentation), but to provide information about the context in which the alleged persecution took place, in order that the factfinder may intelligently evaluate the petitioner's credibility."). There is no indication in the BIA's opinion that Makaeva was not credible.

Because we cannot be sure whether the BIA would have reached the same conclusion regarding Makaeva's fear of future persecution if it had found that Makaeva's family was not still living in Russia, and if it had not improperly required that the secondary materials corroborate Makaeva's testimony, we will remand to the BIA for reconsideration. As the Supreme Court has counseled, " 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.' " *INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 355, 154 L.Ed.2d 272, 277 (2002) (quoting *Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 744, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985)).

The BIA's dismissal of Makaeva's appeal is therefore vacated and remanded with directions to reconsider whether she has shown a well-founded fear of persecution. If the BIA finds that she has, it should then determine whether to exercise its discretion to grant her asylum, and whether she is eligible for withholding of deportation.

VACATED and REMANDED with directions.